IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**DENNIS L. DUNN,**

      **Plaintiff,**

v.                                                          Civil Action No. 3:18cv699

**UNITED STATES DEPARTMENT OF
VETERANS AFFAIRS,**

      **Defendant.**

## MEMORANDUM OPINION

This matter comes before the Court on Defendant United States Department of Veterans Affairs' ("DVA") Motion to Dismiss pursuant to Rules 12(b)(1)[1] and 12(b)(6).[2] (ECF No. 11.) Plaintiff Dennis L. Dunn (*pro se*) responded, (ECF No. 14), and DVA replied, (ECF No. 15).[3] This matter is ripe for disposition. The Court dispenses with oral argument because the materials before it adequately present the facts and legal contentions, and argument would not aid the decisional process. The Court exercises jurisdiction pursuant to 28 U.S.C. § 1346.[4] For the

---

[1] Rule 12(b)(1) allows a party to seek dismissal for "lack of subject-matter jurisdiction." Fed. R. Civ. P. 12(b)(1).

[2] Rule 12(b)(6) allows a party to seek dismissal for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).

[3] DVA filed, along with its Motion to Dismiss, a notice consistent with the requirements set forth in *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), and Local Civil Rule 7(K). (ECF No. 13.)

[4] 28 U.S.C. § 1346 reads, in relevant part:

[T]he district courts . . . shall have exclusive jurisdiction of civil actions on claims against the United States, for money damages, accruing on and after January 1, 1945, for injury or loss of property, or personal injury or death caused by the

reasons that follow, the Court will grant the Motion to Dismiss. The Court will grant Dunn leave to amend the Amended Complaint.

## I. Factual and Procedural Background

### A. Factual Allegations[5]

This medical malpractice claim, filed pursuant to the Federal Tort Claims Act ("FTCA"), arises out of an allegedly botched prostate surgery performed on Dunn at the Hunter Holmes McGuire Veterans Affairs Medical Center in Richmond, Virginia on June 21, 2012. (Am. Compl. 1, ECF No. 6.) Dunn avers that his prostate was "damaged during the surgery," causing chronic "urine leaks" that force him to "wear diapers on a daily basis."[6] (*Id.* 1–2.) DVA's

---

negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment.

28 U.S.C. § 1346(b)(1).

[5] For the purpose of the Rule 12(b)(6) Motion to Dismiss, the Court will accept the well-pleaded factual allegations in Dunn's Amended Complaint as true, and draw all reasonable inferences in favor of Dunn. *Kensington Volunteer Fire Dep't, Inc. v. Montgomery Cty., Md.*, 684 F.3d 462, 467 (4th Cir. 2012) ("a court 'must accept as true all of the factual allegations contained in the complaint' and 'draw all reasonable inferences in favor of the plaintiff.'") (quoting *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011).

[6] The Amended Complaint lacks relevant details that Dunn later attempts to introduce in his response to the Motion to Dismiss. (ECF No. 14.) For instance, Dunn proffers that in addition to urinary incontinence, he also suffers from "persistent pain, [erectile dysfunction,] and recurrent infections." (Resp. Opp. Mot. Dismiss 2, ECF No. 14.) However, the Court cannot consider information first raised in the response when deciding Rule 12(b)(6) motions to dismiss, as they lie outside the Amended Complaint and the exhibits attached to it. See *Deutsche Bank v. Buck*, No. 3:17cv833, 2019 WL 1440280, at *3 (E.D. Va. Mar. 29, 2019) ("It is axiomatic that a complaint may not be amended by the briefs in opposition to a motion to dismiss." (quoting *Mylan Labs, Inc. v. Akzo, N.V.*, 770 F. Supp. 1053, 1068 (D. Md. 1991))); see *also Doe v. Salisbury University*, 123 F. Supp. 3d 748, 757 (D. Md. 2015) ("[C]ourts 'generally do not consider materials other than the complaints and documents incorporated into it when evaluating that complaint under Rule 12(b)(6).'" (*quoting Braun v. Maynard*, 652 F. 3d 557, 559 n.1 (4th Cir. 2011))). Because the Court will grant Dunn leave to amend, he may include additional information he deems relevant in his Second Amended Complaint.

"egregious act [] has had a profound effect on [Dunn's] . . . daily activities" and has caused his "Major Depressive Disorder" to worsen. (*Id.*)

Dunn alleges that doctors at the Veterans Affairs Medical Center "concealed the injury for 5 years" by "lying to [him] about why [he] had the leaking." (*Id.*) Rather than disclose the injury, doctors attributed his symptoms to an "enlarged prostate." (*Id.* 1.) In 2017, Dunn discovered the true cause of his symptoms while reviewing his medical records, where he "saw in a report [that] the VA Doctor admitted that [Dunn's] prostate was damaged during the surgery." (*Id.*)

B.  **Procedural Background**

On September 7, 2017, Dunn filed an administrative tort claim with DVA. (Mem. Supp. Mot. Dismiss Ex. 2, 1, ECF No. 12-2.) On February 12, 2018, DVA sent Dunn a letter notifying him that his claim was denied (the "Denial Letter").[7] (*Id.*) Eight months later, on October 12, 2018, Dunn initiated this case by filing a Motion to Proceed *In Forma Pauperis*, (ECF No. 1), which the Court granted. On February 15, 2019, Dunn amended his complaint.

The Amended Complaint brings a medical malpractice claim against DVA seeking seven million dollars in "[p]unitive [d]amages." (Am. Compl. 2.) DVA filed its Motion to Dismiss, advancing three separate grounds for dismissal. First, DVA proffers that Dunn fails to state a claim under Rule 12(b)(6)[8] because he did not timely file this case after denial of his

---

[7] The Denial Letter, sent via certified mail, informed Dunn of his subsequent rights, including that he was entitled to "seek judicial relief in a Federal district court," while cautioning that he "must initiate the suit within six months of the mailing of this notice." (Mem. Supp. Mot. Dismiss Ex. 2, 1-2.)

[8] The Court addresses Dunn's failure to timely file this case under Rule 12(b)(6)–and not as a jurisdictional issue under Rule 12(b)(1)–because the "FTCA's time bars are nonjurisdictional." *United States v. Wong*, 135 S.Ct 1638, 1638 (2015).

3

administrative claim, as required by 28 U.S.C. § 2401(b).[9] (Mem. Supp. Mot. Dismiss 2.) Second, DVA contends that the Court lacks jurisdiction because Dunn did not obtain the necessary expert certification of merit pursuant to Virginia Code § 8.01-20.1, the Virginia Medical Malpractice Act ("VMMA").[10] (*Id.*) Third, DVA asserts that the Court lacks jurisdiction because sovereign immunity shields DVA from suit. (*Id.*)

Dunn filed a Response in Opposition to the Motion to Dismiss, (ECF No. 14), which included a "report," (Resp. Opp. Mot. Dismiss 2), from Craig N. Bash, M.D., dated July 14, 2019, (Resp. Opp. Mot. Dismiss Ex. 2, ECF No. 14-2). The report states that Dunn's symptoms were "not expected or foreseeable outcomes of the biopsy," and that the "illness is permanent in nature and thus is not expected to improve with time." (*Id.* 1–2.) Dr. Bash reports that the surgery caused Dunn's symptoms, noting that his "records do not support another alternative explanation (etiology)." (*Id.* 2.) DVA filed a reply.

---

[9] 28 U.S.C. § 2401 reads, in relevant part:

> A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented.

28 U.S.C. § 2401(b).

[10] The Virginia Medical Malpractice Act "govern[s] all tort actions arising in the health care context." Peter Nash Swisher, et al., *Va. Prac. Tort and Personal Injury Law* § 5:2 (2019) (citing *Glisson v. Loxley*, 366 S.E.2d 68 (Va. 1988)). The act mandates that, prior to serving process on a defendant, the plaintiff obtain a certification from a medical expert confirming that the defendant "deviated from the applicable standard of care and the deviation was a proximate cause of the injuries claimed." Va. Code § 8.01-20.1. The statute also establishes the procedural requirements applicable to verification of the expert certification, including that failure to obtain the certification may lead to dismissal. *Id.*

4

## II. Standard of Review

### A.  *Pro Se* Pleadings

Courts have a duty to construe *pro se* pleadings liberally. *Bracey v. Buchanan*, 55 F. Supp. 2d 416, 421 (E.D. Va. 1999). "[A] pro se complaint, 'however inartfully pleaded,' must be held to 'less stringent standards than formal pleadings drafted by lawyers.'" *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). A *pro se* plaintiff must nevertheless allege facts sufficient to state a cause of action. *Bracey*, 55 F. Supp. 2d at 421 (citation omitted). The Court cannot act as a *pro se* litigant's "advocate and develop, *sua sponte*, statutory and constitutional claims that the [litigant] failed to clearly raise on the face of [the] complaint." *Newkirk v. Circuit Court of Hampton*, No. 3:14cv372, 2014 WL 4072212, at *1 (E.D. Va. Aug. 14, 2014); *see also Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

## III. Analysis

The Court will grant DVA's Motion to Dismiss. The Motion asserts three independent grounds for dismissal: (1) Dunn fails to state a claim under Rule 12(b)(6) by not timely filing this case as required by 28 U.S.C. § 2401(b); (2) this Court lacks jurisdiction under Rule 12(b)(1) because Dunn did not obtain the expert certification of merit required by the VMMA; and, (3) this Court lacks jurisdiction under Rule 12(b)(1) because sovereign immunity shields DVA from suit. (Mem. Supp. Mot. Dismiss 2.) The Court will grant the Motion to Dismiss on all three grounds. The Court also will grant Dunn leave to amend the Amended Complaint.

### A. Statute of Limitations

#### 1. Standard of Review: Rule 12(b)(6)

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) (citing 5A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1356 (1990)). To survive Rule 12(b)(6) scrutiny, a complaint must contain sufficient factual information to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also* Fed. R. Civ. P. 8(a)(2) ("A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief.") Mere labels and conclusions declaring that the plaintiff is entitled to relief are not enough. *Twombly*, 550 U.S. at 555. Thus, "naked assertions of wrongdoing necessitate some factual enhancement within the complaint to cross the line between possibility and plausibility of entitlement to relief." *Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) (internal quotation marks omitted).

A complaint achieves facial plausibility when the facts contained therein support a reasonable inference that the defendant is liable for the misconduct alleged. *Twombly*, 550 U.S. at 556; *see also Ashcroft v. Iqbal*, 556 U.S. 662 (2009). This analysis is context-specific and requires "the reviewing court to draw on its judicial experience and common sense." *Francis*, 588 F.3d at 193 (citation omitted). The Court must assume all well-pleaded factual allegations to be true and determine whether, viewed in the light most favorable to the plaintiff, they "plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 676-79; *see also Kensington*, 684 F.3d at 467 (finding that the court in deciding a Rule 12(b)(6) motion to dismiss "'must accept as true all

6

of the factual allegations contained in the complaint' and 'draw all reasonable inferences in favor of the plaintiff'" (quoting *Kolon Indus.*, 637 F.3d at 440)).

Generally, a 12(b)(6) motion to dismiss "does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C.*, 980 F.2d at 952 (citing 5A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1356 (1990)). However, if "facts sufficient to rule on an affirmative defense are alleged in the complaint, the defense may be reached by a motion to dismiss filed under Rule 12(b)(6)," including "the defense that plaintiff's claim is time-barred." *Goodman v. Praxair, Inc.*, 494 F.3d 458, 464 (4th Cir. 2007) (en banc).

### 2. Legal Standard: Statute of Limitations

Statutes of limitations "are designed to promote justice by preventing surprises through the revival of claims that have been allowed to slumber until evidence has been lost, memories have faded, and witnesses have disappeared." *Order of R.R. Telegraphers v. Ry. Express Agency*, 321 U.S. 342, 348–49 (1944). To do so, statutes of limitations provide strict filing deadlines that parties must meet. *See United States v. Kubrick*, 444 U.S. 111, 117 (1979). Congress formulates this balance to afford plaintiffs "a reasonable time to present their claims" while also "protect[ing] defendants and the courts from having to deal with cases in which the search for truth may be seriously impaired by the loss of evidence." *Id.* at 118.

The FTCA imposes two statutes of limitations:

> A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or *unless action is begun within six months after the date of mailing . . . of notice of final denial of the claim by the agency to which is was presented.*

28 U.S.C. § 2401(b) (emphasis added). A claimant "must comply with both time requirements," *Shelton v. U.S. Post Office*, No. 3:08-CV-399, 2008 WL 4628466, at *2 (E.D. Va. Oct. 17,

7

2008), or the claim stands "forever barred." 28 U.S.C. § 2401(b). As to filing in district court after denial of an administrative claim, "if the [p]laintiff's claim is not timely filed within six months after the agency decision pursuant to the FTCA, the claim must be dismissed." *Kinson v. United States*, 322 F. Supp. 2d 684, 686 (E.D. Va. 2004).

District courts may, however, invoke equitable tolling if enforcement of the statute of limitations would result in "gross injustice."[11] *Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000). "[E]quitable tolling pauses the running of, or 'tolls,'" the beginning of the statute of limitations period which, in practical effect, provides litigants more time to file suit. *Lozano v. Montoya Alvarez*, 572 U.S. 1, 10 (2014). Nonetheless, use of this extraordinary remedy "must be guarded and infrequent" and invoked only in "those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period." *Harris*, 209 F.3d at 330.

Thus, in order to state a claim under Rule 12(b)(6) and not fall victim to the FTCA's statute of limitations, a plaintiff must satisfy "the Supreme Court's two-step test for determining whether a plaintiff is entitled to equitable tolling." *Edmonson v. Eagle Nat'l Bank*, 922 F.3d 535, 548 (4th Cir. 2019) (citing *Menominee Indian Tribe v. United States*, 136 S. Ct. 750, 755 (2016)) (emphasis omitted). Under that test, a plaintiff must show: "(1) that he [or she] has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in [the] way and prevented timely filing." *Id.* (citation omitted); *see also Raplee v. United States*, 842 F.3d 328, 333 (4th Cir. 2016) (applying the two-step test to an FTCA medical malpractice claim).

---

[11] Although the FTCA provides that untimely filing of either the administrative claim or the subsequent Federal district court action "forever bar[s]" the claim, § 2401(b), this language does not preclude equitable tolling and "courts may toll both of the FTCA's limitations periods." *Wong*, 135 S.Ct at 1629.

8

### 3. Dunn Fails to State a Claim Because He Did Not File This Case Within Six Months of DVA's Denial of His Administrative Claim

The statute of limitations precludes Dunn's claim because he did not timely file and he presents no evidence that suggests equitable tolling should apply. Per the FTCA, Dunn was required to file this case within six months of the date DVA mailed the Denial Letter for his administrative claim. 28 U.S.C. § 2401(b). Dunn failed to do so, instead filing this case eight months after his administrative claim was denied—two months past the statutory deadline.

The Court cannot invoke equitable tolling because Dunn proffers no explanation for his untimely filing despite being notified in the Denial Letter[12] that he had six months to file suit in district court. (Mem. Supp. Mot. Dismiss Ex. 2, 1–2.) The bar for equitable tolling is high. To present a persuasive case, Dunn must demonstrate that he "pursu[ed] his rights diligently, and . . . that some extraordinary circumstance stood in his way and prevented timely filing." *Edmonson*, 922 F.3d at 548. Even construing the Amended Complaint liberally, the Court sees no any indication that Dunn attempted to timely file, nor can the Court identify circumstances which would amount to "gross injustice" should the statute of limitations be enforced. *Harris*,

---

[12] In most cases, the Court is only permitted to consider "the complaint in its entirety, as well as documents attached or incorporated into the complaint[,]" in the motion to dismiss stage without "convert[ing] the motion into one for summary judgement." *E.I. du Pont de Nemours and Co.*, 637 F.3d at 448. However, the Fourth Circuit has "held that when a defendant attaches a document to its motion to dismiss, a 'court may consider it in determining whether to dismiss the complaint [if] it was integral to and explicitly relied on in the complaint and [if] the plaintiffs do not challenge its authenticity.'" *Am. Chiropractic Ass'n v. Trigon Healthcare, Inc.*, 367 F.3d 212, 234 (4th Cir. 2004) (quoting *Phillips v. LCI Int'l, Inc.*, 190 F.3d 609, 618 (4th Cir. 1999)) (alteration in original). Here, the Denial Letter is integral to Dunn's complaint as it both establishes that his administrative claim was denied (a prerequisite to this Court's jurisdiction over the case) and sets the applicable tolling period. Dunn acknowledges receipt of the Denial Letter, (Am. Compl. 1), but does not "challenge its authenticity." *Am. Chiropractic.*, 367 F.3d at 234. Therefore, the Court may consider the letter, attached to the motion to dismiss, without risk of prejudice towards Dunn due to lack of notice. *See id.*

209 F.3d at 330. Notably, Dunn asserts the principles of equitable tolling to justify the five month delay in filing his administrative claim, but omits any discussion regarding his tardiness in filing this lawsuit.[13] Despite this, Dunn is silent in regards to the six month statute of limitations applicable to the filing of this case. Dunn does not explain how he "pursu[ed] his rights diligently," nor what "extraordinary circumstance stood in his way and prevented timely filing." *Edmonson*, 922 F.3d at 548. Because Dunn fails to account for his late filing, this case must be dismissed.

### B. The Virginia Medical Malpractice Act

#### 1. Standard of Review: Rule 12(b)(1)

A Rule 12(b)(1) motion may challenge the existence of subject-matter jurisdiction in fact, apart from the pleadings which is the case here because the DVA claims non-compliance with an affirmative obligation such as the VMMA. *See Richmond, Fredericksburg & Potomac R.R. Co.*, 945 F.2d at 768; *Int'l Longshoremen's Ass'n*, 914 F. Supp. at 1338; *see also Adams*, 697 F.2d at 1219. In such a case, because a party challenges the court's "'very power to hear the case,'" the trial court is free to weigh evidence to determine the existence of jurisdiction. *Int'l Longshoremen's Ass'n*, 914 F. Supp. at 1338 (quoting *Mortensen v. First Fed. Sav. & Loan*

---

[13] Dunn asserts that he was not time barred, despite filing his administrative claim with DVA more than five years after his surgery, because he was unaware that his symptoms were caused by the 2012 procedure until he reviewed his medical records in 2017. (Am. Compl. 1.) In support of this contention, Dunn cites *Nemmers v. United States*, 795 F.2d 628 (7th Cir. 1986), noting that "the statute of limitations [s]tarts to run 'when the plaintiff has the information necessary to discover[] both his injury and its cause." (Resp. Opp. Mot. Dismiss 2; Am. Compl. 1.) Given the fact that *pro se* pleadings are to be construed liberally, Dunn asserts that equitable tolling should apply to the initial two-year accrual period. *See Estelle*, 429 U.S. at 106. Because his claim must be dismissed for failure to file this suit within six months of the administrative denial, the Court need not examine the merits of Dunn's equitable tolling argument regarding the initial two-year statute of limitations period.

*Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977)). No presumptive truthfulness attaches to the plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims. *See id.*; *see also Adams*, 697 F.2d at 1219.

If the facts necessary to determine jurisdiction intertwine with those facts central to the merits of the dispute, the proper course of action is for the court to find that jurisdiction exists and then to resolve the factual dispute on the merits unless the claim is made solely for the purpose of obtaining jurisdiction, or is determined to be wholly insubstantial and frivolous. *Bell v. Hood*, 327 U.S. 678, 682–83 (1946); *United States v. North Carolina*, 180 F.3d 574, 580 (4th Cir. 1999); *Adams*, 697 F.2d at 1219.

### 2. Legal Standard: Medical Malpractice in Virginia

With respect to medical malpractice tort claims against the government, "absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." *Federal Deposit Ins. Co. v. Meyer*, 510 U.S. 471, 475 (1994). The FTCA is one such waiver, allowing suit "only with respect to a certain category of claims," *Kerns v. United States*, 585 F.3d 187, 194 (4th Cir. 2009) (internal quotations omitted), including "personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment," 28 U.S.C. § 1346(b). "The scope of this waiver is limited by ... specific exceptions." *Welch v. United States*, 409 F.3d 646, 651 (4th Cir. 2005).

Relevant here, jurisdiction exists only "under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b). Therefore, "the substantive law of the state where the tort occurred determines the liability of the United States." *Raplee*, 842 F.3d at 331;

11

*see also Meyer*, 510 U.S. at 478 ("§ 1346(b)'s reference to the 'law of the place' means law of the State."). Because Dunn's surgery was performed in Virginia, Virginia law provides "the source of substantive liability under the FTCA." *Meyer*, 510 U.S. at 478; *see also Parker v. United States*, 475 F. Supp. 2d 594, 596 (E.D. Va. 2007) (applying the VMMA to a Virginia medical malpractice claim brought under the FTCA).

The VMMA requires a plaintiff to have obtained, by the time he or she requests service of process on the defendant, written certification from a medical expert stating that the defendant "deviated from the applicable standard of care and the deviation was a proximate cause of the injuries claimed." Va. Code § 8.01-20.1. The plaintiff does not need to file the certification with the court, but the defendant may request written confirmation from the plaintiff that the certification was obtained. *Id.* If the plaintiff did not acquire the certification, the court "may dismiss the case."[14] *Id.*

The only exception to the need for expert certification occurs when the trier of fact does not need an expert to illuminate the medical complexities of the claim—those "rare instances" where "the alleged act of negligence clearly lies within the range of the jury's common knowledge and experience." *Beverly Enterprises-Virginia v. Nichols*, 441 S.E.2d 1, 3 (Va.

---

[14] The VMMA reads, in relevant part:

> Upon written request of any defendant, the plaintiff shall, within 10 business days after receipt of such request, provide the defendant with a certification form that affirms that the plaintiff had obtained the necessary certifying expert opinion at the time service was requested... The court, upon good cause shown, may conduct an in camera review of the certifying expert opinion obtained by the plaintiff as the court may deem appropriate. If the plaintiff did not obtain a necessary certifying expert opinion at the time the plaintiff requested service of process on a defendant as required under this section, the court... may dismiss the case with prejudice.

Va. Code § 8.01-20.1.

12

1994); *see also Reed v. United States*, No. 1:14cv247, 2015 WL 1402127, at *4 (E.D. Va. Mar. 25, 2015) ("A narrow exception to the [expert certification] requirement exists only if the medical malpractice alleged lies within" the common knowledge exception); *Parker*, 475 F. Supp. 2d at 596–97 (describing expert certification as a "threshold matter" excused only by the common knowledge exception). For example, the Virginia Supreme Court has determined that a jury did not need expert testimony to understand that a physician acted negligently when he forgot to perform one of two intended procedures during a surgical session. *See Webb v. Smith*, 661 S.E.2d 457, 459 (Va. 2008).

The VMMA mandates expert certification when a factfinder would not understand the claim's medical complexities or when the allegation "challenges the medical staff's professional medical judgement." *Parker*, 475 F. Supp. 2d at 597. Thus, a court in this district has determined that a plaintiff must obtain expert certification when alleging that medical staff "failed to diagnose and treat his neurological impairment." *Id.* Expert certification also was required (under a similar West Virginia statute) when a surgeon performing hip surgery left a broken needle tip inside the patient's muscle tissue rather than risk causing more severe damage attempting to locate and remove it. *Callahan v. Cho*, 437 F. Supp. 2d 557, 560 (E.D. Va. 2006). Despite the patient's chronic post-operative pain and the uncontested fact that a complication occurred during the surgery, the *Callahan* Court concluded that expert testimony was needed because "the standard of care [would not] fall within the common knowledge or understanding of judges or lay jurors" and the decision not to remove the needle fragment amounted to "quintessential professional medical judgement." *Id.* at 563. Thus, federal courts lack Rule 12(b)(1) jurisdiction over a medical malpractice claim that occurred in Virginia, brought under the FTCA, when the plaintiff did not comply with the VMMA's expert certification requirement.

13

### 3. This Court Lacks Jurisdiction Because Dunn Did Not Comply with the Virginia Medical Malpractice Act

The Court must grant the Motion to Dismiss for failure to comply with the VMMA because: (1) Dunn has not shown that he procured the necessary certification prior to serving process on DVA; and, (2) this case cannot proceed under the common knowledge exception.

First, Dunn has not established that he timely obtained written expert certification. Per the VMMA, Dunn was required to procure expert certification prior to requesting service of process on DVA. On May 17, 2019, seven days after being served in this case and in accordance with the procedure outlined by the VMMA, DVA mailed Dunn a letter requesting confirmation "that [he] had obtained at the time of service of process was requested in this case a written opinion signed by an expert." (Mem. Supp. Mot. Dismiss Ex. 1, 1.) Although the letter explained that his case could be dismissed should he not provide confirmation within ten business days, Dunn did not respond. (Mem. Supp. Mot. Dismiss 6.)

Nor has Dunn provided the Court with any evidence that he possessed the certification. Dr. Bash issued his report, which Dunn filed with his Response to the Motion to Dismiss, on July 14, 2019—two months after Dunn served DVA with his Complaint.[15] (Dr. Bash Mem. 1, ECF No. 14-2.) Although some courts in the Eastern District of Virginia have found that plaintiffs can satisfy the VMMA's expert certification requirement by obtaining the certification prior to filing an amended complaint, Dunn cannot rely on this precedent because Dr. Bash's report was issued five months after Dunn filed his Amended Complaint. *See Baxter v. United States*, No.

---

[15] Because Dunn failed to obtain expert certification by the time of service of process, the Court need not examine here whether Dr. Bash's report satisfies the requirements of the VMMA.

14

1:15-cv-633, 2016 WL 3618363, at *5 (E.D. Va. July 6, 2016); *Sowers v. United States*, 141 F. Supp. 3d 471, 478 (E.D. Va. 2015).

Second, Dunn cannot find refuge in the common knowledge exception. Like the performance of hip surgery, the standard of care for prostate surgery falls outside a trier of fact's common knowledge and experience. *See Callahan*, 437 F. Supp. 2d at 563. The physician performing the prostate surgery must rely on "professional medical judgement" not readily discernible to a lay person. *Id.* Here, expert testimony would be required to establish "the applicable standard of care, whether breach of that standard occurred, and whether that breach proximately caused" Dunn's injuries. *Bell v. United States*, No. 4:11cv60, 2011 WL 3734458, at *3 (E.D. Va. Aug. 24, 2011). Even if the Court were to accept Dunn's contention that his medical records demonstrate that his prostate was "damaged" during the surgery, (Am. Compl. 1), Dunn would need to present expert testimony in order to establish that his symptoms resulted from his physician's negligence. Without expert assistance, the trier of fact cannot determine when such damage crosses the threshold from routine and harmless to negligent and injurious.

Because he may not invoke the common knowledge exception, Dunn needed to possess expert certification at the time he served DVA and to attest to that fact within ten days of their request. *See* Va. Code § 8.01-20.1. Dunn has not provided DVA, nor the Court, with confirmation that he had the necessary certification at the time he served process on DVA. Therefore, the case must be dismissed for failure to comply with the VMMA.

C. **Sovereign Immunity**

1. **Standard of Review: Rule 12(b)(1)**

A Rule 12(b)(1) motion may attack the complaint on its face, asserting that the complaint fails to state a claim upon which subject-matter jurisdiction can lie. *See Int'l*

*Longshoremen's Ass'n*, 914 F. Supp. at 1338; *see also Adams*, 697 F.2d at 1219. As here, when a defendant contends that sovereign immunity protects it from suit, the 12(b)(1) motion attacks the complaint on its face. In such a challenge, a court assumes the truth of the facts alleged by plaintiff, thereby functionally affording the plaintiff the same procedural protection he or she would receive under Rule 12(b)(6) consideration. *See Int'l Longshoremen's Ass'n*, 914 F. Supp. at 1338; *see also Adams*, 697 F.2d at 1219.

### 2. Legal Standard: FTCA and Sovereign Immunity

The FTCA, as a waiver of sovereign immunity, mandates that "the United States, not any government employee or agency is the only proper defendant in an FTCA lawsuit." *Edwards v. United States*, No. 5:18-cv-56, 2019 WL 4439114, at *3 (N.D.W. Va. May 31, 2019); *see also* 28 U.S.C. § 1346(b); *Holmes v. Eddy*, 341 F.2d 477, 480 (4th Cir. 1965); *Webb v. Hamidullah*, 281 Fed.Appx. 159, 161 n.4 (4th Cir. 2008). "Failure to name the United States as defendant in an FTCA suit results in a fatal lack of jurisdiction." *Allgeier v. United States*, 909 F.2d 869, 871 (6th Cir. 1990). The Court does not have jurisdiction under Rule 12(b)(1) to hear a claim against any federal agency, including DVA.

### 3. The Court Lacks Jurisdiction Over Dunn's Claim Because He Named DVA, Not the United States, as Defendant

Finally, the Court lacks jurisdiction because Dunn improperly named DVA, rather than the United States, as Defendant. (Am. Compl. 1.) As DVA concedes, Dunn could easily remedy this issue by amending the Amended Complaint. (Mem. Supp. Mot. Dismiss 4 n.1.) However, because Dunn failed to properly name the United States, the Court currently lacks jurisdiction and must grant DVA's Motion to Dismiss on this ground.

## IV. Conclusion

For the foregoing reasons, the Court will grant DVA's Motion to Dismiss without prejudice. (ECF No. 11.) An appropriate Order shall issue. The Court will grant Dunn leave to file a Second Amended Complaint to remedy deficiencies.

/s/ M. Hannah Lauck
United States District Judge

Date: December 16, 2019
Richmond, Virginia